UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

Nancy Marie Barrick,                                          Chapter 7
d/b/a Capital 1st Credit, LLC,

Debtor.                                                       Case No. 19-75822-AST

-------------------------------------------------------------X
Ardent Harmony Fund Inc. and Argyle Funds
SPC Inc.,

Plaintiffs,

v.                                                            Adv. Proc. No. 20-08018-AST

Nancy Marie Barrick,

Defendant.
-------------------------------------------------------------x

## ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS

Pending before the Court is the Motion to Dismiss (the "Motion") filed by Debtor-Defendant Nancy Marie Barrick ("Debtor").  Debtor seeks dismissal of the bulk of the claims asserted in this adversary proceeding commenced by Plaintiffs Ardent Harmony Fund Inc. ("Plaintiff Ardent") and Argyle Funds SPC Inc. ("Plaintiff Argyle"; together with Plaintiff Ardent, the "Plaintiffs").  For the reasons set forth herein, the Motion to Dismiss is denied.

## JURISDICTION AND ADJUDICATORY AUTHORITY

The Court has jurisdiction over the matters raised in the Motion pursuant to the operation of 28 U.S.C. § 1334 and the automatic referral from the U.S. District Court for the Eastern District of New York as ordered in the Standing Order of Reference in effect in the Eastern District of New York dated August 28, 1986, as amended on December 5, 2012 and as made of

effective June 23, 2011. Further, the Court has authority to hear and determine the matters raised in the Motion pursuant to 28 U.S.C. § 157.

## BACKGROUND AND PROCEDURAL HISTORY[1]

On August 21, 2019, Debtor filed a voluntary petition for relief (the "Petition") under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"[2]).

On January 24, 2020, Plaintiffs filed a ten-count complaint (the "Complaint") [dkt item 1[3]], thereby commencing this adversary proceeding. Plaintiffs seek (i) a determination that their debts are excepted from discharge under § 523(a)(2), (4), and (6), and (ii) a directive that Debtor's discharge be denied in its entirety under § 727(a)(2), (3), (4) & (5). In total, the Complaint runs twenty-seven pages and is accompanied by over seven hundred pages of exhibits.

In the Complaint, Plaintiffs assert, *inter alia*, that Defendant knowingly participated in a "massive fraud orchestrated by Defendant and her husband" that resulted in "liability on the more than $10 million in judgments against her that the New York State Supreme Court awarded to Plaintiffs because of the fraud,"[4] and that, as "part of their scheme to defraud Plaintiffs of $75

---

[1] The factual background and procedural history are derived from the pleadings, exhibits submitted by the parties, and matters of which the Court may take judicial notice.

[2] Hereinafter, any reference to "section[s]" or "§[§]" shall refer to the referenced section(s) of the Bankruptcy Code, unless otherwise indicated.

[3] All docket item citations herein refer to items filed on the Adversary Proceeding docket.

[4] Specifically, Plaintiffs allege that, in 2017, after substantial litigation against Debtor's husband and others, a state court entered a default judgment against Debtor, awarding $10,876,007.67 in favor of Plaintiff Argyle and $39,327.95 in favor of Ardent, and that Debtor later filed a Notice of Appeal, which was subsequently allowed to lapse. Plaintiffs further allege that, on July 26, 2019, Debtor sought a temporary restraining order ("TRO") from the state court to prevent Plaintiffs from seizing property located in her residence, and sought to have the default judgment vacated. After the state court denied the request for a TRO, Debtor filed the Petition

2

million, [Debtor] allowed a company she solely owns and manages, ECB Funding LLC . . . to funnel over $8 million to a bank account that was used exclusively by [Debtor] to fund her extravagant lifestyle." In support of these assertions, Plaintiffs make a series of detailed factual allegations, then argue that the debts owed to them resulted from this fraudulent scheme and involve false representations, fraud, and willful and malicious injury, and that, therefore, they are their debts are excepted from discharge under 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6). Plaintiffs also assert and argue, *inter alia*, that Debtor, through her solely-owned company, Capital 1st Credit LLC ("Capital 1st"), received income that she concealed from creditors, warranting denial of discharge under § 727(a)(2); that Debtor concealed or destroyed Capital 1st's corporate records that are required for creditors to ascertain Debtor's true financial condition, warranting denial of discharge under § 727(a)(3); and Debtor made knowingly false, sworn statements in her Petition, warranting denial of discharge under § 727(a)(4)(A)-(B); and, finally, that Debtor failed to adequately explain the loss or deficiency of her assets to meet her liabilities, warranting denial of discharge under § 727(a)(5).

In the Motion, Debtor seeks dismissal of all counts, except for Count X, which seeks denial of discharge under § 727(a)(5).

On May 1, 2020, Plaintiffs filed their Memorandum in Opposition to the Motion [dkt item 15].

On May 20, 2020 Debtor filed her Reply to the Memorandum in Opposition [dkt item 16].

---

commencing this bankruptcy case. Two days later, on August 23, 2019, the state court denied the request for vacatur of the default judgment.

## DISCUSSION

*Legal Standard for the Motion to Dismiss*

Under the Supreme Court's *Iqbal*/*Twombly* analysis, to survive a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure, a complaint must contain sufficient factual matter, which, when accepted as true, is adequate to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the relief sought. *Iqbal*, 556 U.S at 678; *Twombly*, 550 U.S. at 556.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted" so as to create liability. *Iqbal*, 556 U.S. at 678.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal citations omitted)).

*Iqbal* and *Twombly* did not depart from the standard that, in considering a Rule 12(b)(6) motion, a court is to accept as true all factual allegations in the complaint and draw all inferences in favor of the plaintiff. *Id.* at 678-79; *Twombly*, 550 U.S. at 556-56. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Moreover, a court need not "accept as true a legal conclusion couched as a factual allegation," and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79 (citing FED. R. CIV. P. 8(a)(2)).

In deciding a motion to dismiss, a court must limit its review to facts and allegations contained in the complaints, documents incorporated into the complaints by reference or attached as exhibits, and matters of which the court may take judicial notice. *Blue Tree Hotels, Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *Moxey v. Pryor* (*In re Moxey*), 522 B.R. 428, 437-38 (Bankr. E.D.N.Y. 2014); *see also Int'l Tobacco Partners, Ltd. v. Ohio* (*In re Int'l Tobacco Partners, Ltd.*), 462 B.R. 378, 385 (Bankr. E.D.N.Y. 2011) ("The Court may also consider documents that are integral to the complaint in deciding a motion to dismiss." (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007))). The court also may consider "the full text of documents that are quoted in the complaint or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit." *Holmes v. Air Line Pilots Ass'n.*, 745 F. Supp. 2d 176, 198 (E.D.N.Y. 2010) (internal citations omitted). If the documents contradict the allegations of the complaint, the documents themselves control and the court does not need to accept as true any contradictory allegations concerning those documents. *Id.*

*Analysis*

In determining the instant Motion to Dismiss, this Court limits its review to the facts and allegations contained in the 27-page Complaint and the 700-plus pages of exhibits. Accepting as true all factual allegations in the Complaint and drawing all inferences in favor of Plaintiffs, the Court determines that Plaintiffs allege sufficient facts which, if true, state a claim for relief that is plausible on its face, on Counts I – VI, in which Plaintiffs seek a determination of exception from discharge: (i) under § 523(a)(2), because the debts are for money, property, services or credit obtained by false pretenses, a false representation, or actual fraud; (ii) under § 523(a)(4), because the debts are for fraud or defalcation while Debtor acted in a fiduciary capacity, or

embezzlement; and (iii) under § 523(a)(6), because the debts are for willful and malicious injury. *See* Complaint, ¶¶ 73-144.

Similarly, accepting as true all factual allegations in the complaint and drawing all inferences in favor of Plaintiffs, this Court determines that Plaintiffs allege facts which, if true, state a claim for relief that is plausible on its face on Counts VII – IX, in which Plaintiffs seek that the discharge be denied: (i) under § 727(a)(2), based on Debtor's intentional transfer or concealment of property within one year of filing the Petition; (ii) under § 727(a)(3), based on Debtor's concealment or destruction of records from which her financial condition and business transactions may be ascertained; and (iii) under § 727(a)(4)(A-B), based on Debtor's making of false oaths or accounts with respect to her assets, property, and financial affairs. *See* Complaint ¶¶ 115-158.[5]

Based on the foregoing, it is hereby

**ORDERED**, that the Motion is denied; and it is further

**ORDERED**, that Debtor shall file an answer within fourteen (14) days from entry of this Order.

The Court shall issue a separate pre-trial scheduling order.

---

[5] As noted earlier, Debtor does not seek dismissal under Rule 12(b)(6) of Count X.

**Dated: August 17, 2020**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**